Green, J.
delivered the opinion of the court.
A. Broyles, the defendant, married the widow of R. Broyles, who had four daughters, two of them the complainants in this cause. Reuben Broyles died seized of a tract of land of fortjT-six acres, and was part owner of a mill. When his children, who were step-children of the defendant, became of age, they conveyed all their interest in this land and mill to the defendant, in consideration of which, he executed to them a penal bond, conditioned, that at his death he would make the said step-children equal with his own children in the distribution of his estate. And to this end, he would execute a will making said bequests, and which will, he covenanted that he would not revoke.
The condition to said bond further stipulated, that said Adam would not sell or convey any of his estate during his life, so as to defraud, or defeat the before mentioned persons, except for the necessary support of himself and family. He further bound himself, that he would at no time give to his own children more of his estate than to his said step-children. This bond is dated in 1817.
The complainants Green and wife, and Vaught and wife exhibit this bill, alledging that the defendant has expended much more money upon his own children, in rearing and educating them, than he did upon the complainants. That he has ad *168 vanced money to a considerable amount to set his sons up in business; and that he has recently threatened that he would sell all his estate and move away, and so squander it, as to defeat any right complainants may have under the aforesaid bond.
The bill prays that said Broyles be enjoined from selling or disposing of any of his property by which the rights of the complainants might be prejudiced. That he shall be compelled to give sufficient security for the performance of his said undertaking; orthatthesaid contract be rescinded, and the parties restored to all their rights as if the same had never been made. The answer of the defendant, admits the execution of the bond, and that it is obligatory on him. But denies that he has -violated any of its stipulations. Denies that he has given to any of his own children more property than the complainants received. Denies that he had ever said that he would divest himself of his property, for the purpose of defeating the rights of the com-, plainants; and states, that defendant has always intended, and now intends to fulfil his engagement in its letter and spirit.
Many depositions have been taken in this cause, which it is needless to notice particularly; but the general tenor of which supports the statements of the answer.
The defendant was kind and parental towards his step-children while he was rearing them; and since they have been married, has contributed to their comfort and support. He has treated his own children as he did the complainants, with some slight exceptions, which accidental circumstances may have induced; and with the exception, that the facilities for affording instruction to his children have been greater than existed when the complainants were young, and consequently they have received a better education than complainants. The defendant has been industrious and thrifty, and has greatly increased his estate, and is managing it well for all concerned.' He has not made donations to his own children greater than those made to his step-children, with the exception of complainant Green, who has refused to receive contributions from the defendant.
The court is of opinion, that the defendant has exhibited no serious purpose to sell and squander his estate, with a view to defeat the complainants’ rights. That the expressions indicat *169 ing such purpose, which were uttered to one witness, were used in a moment of irritation, excited by what he considered the misconduct of the complainant Green, and are not of a character to establish the existence of such purpose, so as to authorize the interference of this court. This conclusion is the more satisfactory, because the whole tenor of his conduct and conversation on the subject, has evinced a disposition on the part of the defendant to comply faithfully with the stipulations of his agreement.
We think this agreement confers upon the complainants a right to an equal participation with the defendant’s children, in the estate of the defendant after his death, which right may be enforced in a court of equity, should the defendant fail to make a will according to its terms. And, therefore, there is no ground for rescinding the agreement between the parties, and vesting in the complainants the land conveyed by their deed to the defendant. The. decree is therefore affirmed, and the bill dismissed.